# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                          Case No. 19-cr-103 (MJD/ECW)

         Plaintiff,

   v.

                              **ORDER**

Anthony Akemu Abari,

         Defendant.

     This case is before the Court on pretrial motions, including the Government's Motion for Discovery (Dkt. No. 14); Defendant's Motion to Disclose Post Conspiracy Statements of Co-Defendants (Dkt. No. 18); Defendant's Motion to Disclose and Make Informants and Cooperating Witnesses Available for Interviews (Dkt. No. 19); Defendant's Motion for Discovery of Rule 16(a)(1)(E) Evidence (Dkt. No. 20); Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (Dkt. No. 21); Defendant's Motion to Suppress Statements, Admissions and Answers (Dkt. No. 22); Defendant's Motion for Early Disclosure of Jencks Act Material (Dkt. No. 23); Defendant's Motion for Disclosure of Exculpatory Evidence (Dkt. No. 24); Defendant's Motion for Pretrial Disclosure of 404(b) Evidence and Barring of Same (Dkt. No. 25); Defendant's Motion for Disclosure of Giglio Material (Dkt. No. 26); and Defendant's Motion to Suppress Evidence Obtained as a

Result of Search and Seizure (Dkt. No. 27).  Defendant also filed a "Declaration in Lieu of Discovery Motions and Overview of Pre-trial Motions" (Dkt. No. 17), which the Court has considered in its determination on the motions.  On June 5, 2019, the Court held a hearing on the pretrial motions.

Justin A. Wesley and Amber M. Brennan, U.S. Attorney's Office, appeared on behalf of the United States of America ("the Government") and Rick E. Mattox, Mattox Law Office, appeared on behalf of Defendant Anthony Akemu Abari, who was present at the hearing.

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1.      The Government's unopposed Motion for Discovery **(Dkt. No. 14)** is **GRANTED**.

2.      Defendant's Motion to Disclose Post Conspiracy Statements of Co-Defendants **(Dkt. No. 18)** under Fed. R. Crim. P. 16 and *Bruton* is **DENIED.**  Defendant seeks an order requiring the Government to provide notice and disclosure of intent to use or refer to, and/or introduce into evidence at trial the statements or confessions of any informant, defendant, or unindicted co-conspirator, together with a designation of which statement or confessions the Government plans to so utilize.  The Government has represented that it will provide *Giglio* and Jencks Act material three business days before trial for co-conspirators it intends to call as witnesses at trial.[1]  To the extent Defendant seeks post-conspiracy statements of non-testifying informants or co-conspirators who the

---

[1]      There are no co-defendants.

2

Government, Defendant has not cited any authority establishing the Government is required to disclose the statements of such persons. To the extent post-conspiracy statements of unindicted co-conspirators are discoverable under some other authority, such as *Brady*, the Court expects the Government to provide them. However, because Defendant seeks statements made by others, not himself, he is not entitled to their disclosure under Rule 16. *See United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992). Finally, Defendant's request for an order granting him leave to file motions for severance, suppressions, and/or in limine is **DENIED WITHOUT PREJUDICE AS PREMATURE**, as Defendant has not identified what evidence he seeks to sever or suppress or what motions in limine he proposes to file.[2]

3. Defendant's Motion to Disclose and Make Informants and Cooperating Witnesses Available for Interviews (**Dkt. No. 19**) is **DENIED AS MOOT** as to any informants or cooperating witnesses the Government **intends** to call at trial based on the Government's representation that it will disclose the identities of such witnesses not less than fourteen days before trial and will cooperate with Defendant's counsel in making them available for interview. The Motion is **DENIED WITHOUT PREJUDICE** as to any informants or cooperating witnesses the Government does not intend to call at trial. The Government has represented: "If the Defendant articulates to which informants or witnesses his motion applies, and the Government concedes or the Court finds those

---

[2] The parties declined to submit additional briefing in support of their positions on the discovery motions.

informants or witnesses to be material, the Government agrees to disclose the identities of these individuals 14 days before trial." (Dkt. No. 32 at 8.) Although Defendant's counsel argued that the disclosure of non-testifying confidential informants is necessary to his defense, it is not clear to the Court which unidentified informants or unidentified cooperating witnesses Defendant contends should be identified and why they are material.[3] *See, e.g.*, *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) (quoting *United States v. Grisham,* 748 F.2d 460, 463-64 (8th Cir. 1984) ("The defendant has the burden of showing materiality, which 'requires more than speculation that the evidence an informant may provide will be material to overcome the government's privilege to withhold the identity of the informant.'"). Defendant may renew this Motion in writing in a manner that identifies with as much particularity as possible about each informant(s) or witness(es) he believes needs to be identified by the Government and why each informant or witness is material to his case.

4.      Defendant's Motion for Discovery of Rule 16(a)(1)(E) Evidence (**Dkt. No. 20**) is **GRANTED** in part and **DENIED** in part. The parties will disclose initial Rule 16(a)(1)(G)[4] evidence 21 days before trial and rebuttal evidence shall be disclosed 14 days later. The Government also represented that it will disclose a chain of custody

---

[3]      Defendant identified several persons in his Declaration in Lieu of Discovery Motions and Overview of Pretrial Motions (Dkt. No. 17) and also referenced "cooperating informants mentioned in the discovery and several search warrants" (Dkt. No. 19).

[4]      Defendant's motion seeks expert witness information pursuant to Rule 16(a)(1)(E), which was re-lettered as Rule 16(a)(1)(G) in 2002. Fed. R. Crim. P. 16 advisory committee's note to 2002 amendment.

report related to an already-disclosed DNA test report when the chain of custody report is available.

5.      Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (**Dkt. No. 21**) is **DENIED AS MOOT** based on the Government's representation that it has complied with and will continue to comply with its requirement to disclose evidence favorable to the Defendant and will produce to Defendant any additional evidence it is required to produce under *Brady* and *Giglio* promptly and sufficiently before trial to enable Defendant to make effective use of it.

6.      Defendant's Motion for Early Disclosure of Jencks Act Material (**Dkt. No. 23**) is **DENIED**.  The Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."  18 U.S.C. § 3500.  The Eighth Circuit has repeatedly held that the government cannot not be required to make pretrial disclosure of Jencks Act material. *See, e.g.*, *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984).  Nothing in this Order, however, precludes the Government from voluntarily disclosing any Jencks Act material no later than three (3) business days before commencement of trial, as it represented it would in its response to Defendant's Motions and at the hearing.

7.      Defendant's Motion for Disclosure of Exculpatory Evidence (**Dkt. No. 24**) is **DENIED AS MOOT** based on the Government's representation that it has complied with and will continue to comply with its requirement to disclose exculpatory evidence to

the Defendant and will produce to Defendant any additional evidence it is required to produce under *Brady* and *Giglio* promptly and sufficiently before trial to enable Defendant to make effective use of it.

8. Defendant's Motion for Pretrial Disclosure of 404(b) Evidence and Barring of Same (**Dkt. No. 25**) is **DENIED IN PART** insofar as Defendant seeks "immediate" disclosure of "bad act" or "similar course of conduct" evidence and **GRANTED IN PART** insofar as the Government will disclose Rule 404(b) evidence 14 days before trial. To the extent Defendant seeks an Order barring the government from using any events as evidence because of staleness and remoteness, that request is **DENIED AS PREMATURE** as Defendant has not shown that any Rule 404(b) evidence is stale or remote. Nothing in this Order requires the Government to produce evidence regarding acts which are intrinsic to the charged offense.

9. Defendant's Motion to Compel Production of *Giglio* Material (**Dkt. No. 26**) is **DENIED AS MOOT** based on the Government's representation that it has complied with and will continue to comply with its requirement to disclose *Giglio* evidence to the Defendant and will produce to Defendant any additional evidence it is required to produce under *Brady* and *Giglio* promptly and sufficiently before trial to enable Defendant to make effective use of it.

10. Defendant's Motion to Suppress Statements, Admissions and Answers (**Dkt. No. 22**); and Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (**Dkt. No. 27**) are taken under advisement. Defendant's supplemental brief will be due two (2) weeks after the hearing transcript is available. The

Government's supplemental brief in opposition to Defendant's motions will be due one week after that. The Court will issue a separate report and recommendation on the motions thereafter.


DATED: June 10, 2019     _s/Elizabeth Cowan Wright_
            ELIZABETH COWAN WRIGHT
            United States Magistrate Judge