## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-103(1) (MJD/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Anthony Akemu Abari, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Discovery of Rule 16 Evidence of Forensic Testing and Experts (Dkt. 36) ("Motion"). After the Court held a hearing on discovery motions (Dkt. 35), Defendant filed this Motion seeking information regarding expert opinion testimony related to DNA examinations. (Dkt. 36 at 1.) Defendant requests:

1. All DNA laboratory reports;

2. Chain of custody documentation for all forensic sample;

3. The disc containing the raw data;

4. Copies of the Genescan, Genotyper, and /or GeneMapper printouts;

5. Copies of all positive control, negative control, and reagent blank electopheragrams;

6. The case notes, including the narrative and any update;

7. Copies of GlobalFiler and/or STRmix elcectropherograms;

8. Correspondence including telephone calls, email or text messages between the BCA scientists, agents or technicians and

> any law enforcement officer, prosecutor or other federal, state or county official;
>
> 9. All documents kept within the specific case file referenced;
>
> 10. A copy of the "unexpected results" file;
>
> 11. Any other information in the form of documentation or encompassed in some other manner that the lab has in its possession and/or control, or knows of and can access, regarding this case, including but not limited to any QAR which contains any references to this case whatsoever;
>
> 12. All records pertaining to hits in the convicted offender data base, including but not limited to Match Detail Reports, bench notes, electronic data, computer entry forms, etc.;
>
> 13. All documentation regularly kept within the specific BCA case referenced;
>
> 14. Documents relating to the case regularly kept in a place other than the BCA case file;
>
> 15. All [current] SOPs covering the analysis performed in this case including that relating to mixture interpretation and major profile determination;
>
> 16. Background information for each person involved in conducting or review the NDA testing performed in this case, including resume and job descriptions and a summary of proficiency test results; and
>
> 17. Copies of the Electronic Lab Notebook (ELN) for the lab file.

(Dkt. 36 at 1-2.) Defendant also requested "a written summary of the expert testimony that the government intends to include in this case, [in]cluding but not limited to DNA, Fingerprint and Drug identification." (*Id.*) Defendant further requested that a copy of his motion be provided directly to the BCA "to have complete discovery" and "for the

specific purpose of avoiding a possible violation of the Rules of Evidence and to av[o]id any allegation of a *Brady* violation, Counsel requests that the scientists involved be informed that it is not discretionary to determine the importance of any evidence." (*Id.*)

The Government responded to the Motion stating that "it agrees (as a matter of general practice rather than obligation) to provide more detailed information regarding the forensic testing in this case." (Dkt. 40 at 2.) It also stated that it has requested the full DNA file from the BCA, would disclose it to Defendant once it is received, and that the Government and Defendant's counsel have agreed that it made sense for the Government to provide the full drug file from the BCA after drug testing is completed. (*Id.* at 2 & n.1.) The Government stated that it believed the request for written summaries of expert testimony was covered by the Court's order on the other discovery motions (Dkt. 38) and will comply with that Order unless ordered otherwise. (*Id.* at 2.)

The Government's representation that it will provide detailed information regarding the DNA tests to Defendant when available and the parties' agreement as to the drug file moots Defendant's Motion as to that information. As to the written summaries, the Court already ordered the parties to "disclose initial Rule 16(a)(1)(G)4 evidence 21 days before trial and rebuttal evidence shall be disclosed 14 days later." (Dkt. 38 at 4.) Accordingly, that request is also moot. Finally, to the extent Defendant seeks an order from the Court requiring provision of Defendant's motion and a caution regarding *Brady* to the scientists involved, the request is denied. The Government has already represented to the Court that: "The government understands, has substantially complied with, and will

3

continue to comply with, its *Brady* and *Giglio* obligations to produce exculpatory/impeachment evidence to the defense." (Dkt. 32 at 8.)

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Defendant's Motion for Discovery of Rule 16 Evidence of Forensic Testing and Experts (Dkt. 36) is **DENIED AS MOOT** as to Defendant's request for detailed information regarding forensic testing based on the Government's representation that it will provide such information when available.

2. Defendant's Motion is **DENIED AS MOOT** as to Defendant's request for written summaries of expert testimony. The Court's prior Order (Dkt. 38) sets forth the obligations of the parties as it relates to expert discovery.

3. Defendant's Motion is **DENIED** to the extent it seeks an order from the Court requiring provision of Defendant's motion and a caution regarding *Brady* to the scientists involved in the forensic testing.

DATED: August 30, 2019                *s/Elizabeth Cowan Wright*
                                      ELIZABETH COWAN WRIGHT
                                      United States Magistrate Judge