# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-cr-103 (MJD/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| ANTHONY AKEMU ABARI (1), RELONDO DEVON HALL (2), and KEVIN GREEN (3), | |
| Defendants. | |

This case is before the Court on pretrial motions, including Defendant Kevin Green's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants (Dkt. 92); Defendant Kevin Green's Motion for Disclosure and Access to Confidential Informants and Co-Operating Defendants (Dkt. 95); Defendant Kevin Green's Motion to Compel Government to Disclose Wire and Electronic Communications (Dkt. 98); Defendant Anthony Akemu Abari's Motion for Disclosure of Grand Jury Transcripts (Dkt. 102); Defendant Akemu Abari's Motion to Disclose and Make Informants and Cooperating Defendants Available for Interviews (Dkt. 103); Defendant Kevin Green's Motion to Disclose and Make Informants and Cooperating Defendants Available for Interviews (Dkt. 107); Defendant Kevin Green's Motion to Compel Government to Disclose Wire and Electronic Communications Document 98 (Dkt. 154); and Defendant Kevin Green's Motion for Disclosure and Access to Confidential Informants and Co-

Operating Defendants Document 95 (Dkt. 155).  Defendant Relondo Devon Hall has requested to join all motions.[1]  (Dkt. 180.)  The Court grants Hall's request.

Justin A. Wesley and Amber M. Brennan, U.S. Attorney's Office, appeared on behalf of the United States of America ("the Government"); Rick E. Mattox appeared on behalf of Defendant Anthony Akemu Abari, who was present at the hearing; Paul W. Rogosheske appeared on behalf of Defendant Kevin Green, who was present at the hearing; and Bruce Rivers appeared on behalf of Defendant Relondo Devon Hall, who was present at the hearing.

---

[1]   Hall filed several pretrial motions, including a Motion for Disclosure of the Existence and Identity of Confidential Informant(s) (Dkt. 119) and a Motion to Disclose Post Conspiracy Statements of Co-Defendants and Unindicted Co-Conspirators (Dkt. 120).  The Court held a hearing on Hall's motions (along with several other motions brought by Hall and his co-defendants) on December 4, 2019, at which Justin A. Wesley and Amber M. Brennan, Assistant U.S. Attorneys, appeared on behalf of the United States of America and Bruce Rivers, Esq., appeared on behalf of Hall, who was present at the hearing.  (Dkts. 143, 144.)  At the December 4, 2019 hearing, the Court took Hall's Motion for Disclosure of the Existence and Identity of Confidential Informant(s) and Motion to Disclose Post Conspiracy Statements of Co-Defendants and Unindicted Co-Conspirators under advisement pending possible additional disclosures by the Government and additional briefing by the parties.  (Dkt. 144 at 10-11.)  The Court required Hall and the Government to meet and confer to determine whether those three motions necessitated a ruling and set a deadline for Hall to file supplemental briefs of December 18, 2019.  (Dkt. 151 at 55:24-56:1, 56:9-19; *see* Dkt. 144 at 10-11.)  The Court ordered that: "If Defendant [Hall] does not file a supplemental brief by December 18, 2019, the Court will deem the Motion[s] withdrawn."  (Dkt. 144 at 10-11; *see* Dkt. 151 at 55:24-56:1, 56:9-19.)  Hall did not file any supplemental briefs.  Accordingly, the Court deems those Motions withdrawn, and denies them as moot.  However, the Court will grant Hall's March 12, 2020 request to "join in on all motions" of his co-defendants.  (Dkt. 180.)

I. **ANALYSIS**

A. **Green's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants (Dkt. 92)**

Green moves the Court for an order pursuant to *Bruton v. United States*, 391 U.S. 123 (1968), and Rule 16(c) of the Federal Rules of Evidence for disclosure of the Government's intent to use co-conspirator statements at trial, and granting leave to bring further motions as necessary. The Government incorporated its opposition (Dkt. 32) as to Abari and requests that the Court similarly deny the Motion as to Green for the reasons set forth in this Court's June 10, 2019 Order (Dkt. 38). (*See* Dkt. 113 at 5.) At the hearing on the pretrial motions, the Court gave Green the opportunity to file additional briefing in support of this motion. However, Green has not filed any additional briefing as it relates to this motion. Consequently, the Court could deem it withdrawn. (*See* Dkt. 144 at 4-5 ¶ 6.) However, in an abundance of caution, the Court will also address it on the merits.

As a starting point, the court assumes that Green is referring to Rule 16(a) of the Federal Rules of Criminal Procedure, as there is no Rule 16 of Evidence.[2] Rule 16(a)(1)(A) provides in relevant part that "[u]pon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement **made by the defendant** . . . ." (emphasis added). The plain language of the Rule applies only to statements made by the defendant and not co-defendants. *See United States v. Mayberry*,

---

[2] The Court also notes that while Green cites to Rule 16(c) in support of his motion, however, this subsection only covers the continuing duty of a party to disclose discovery that is discoverable under Rule 16.

3

896 F.2d 1117, 1122 (8th Cir. 1990) (holding that Rule 16 does not allow the discovery of statements other than those of the defendant); *see also United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992) (Rule 16 "stresses that only 'statements made by the defendant' are discoverable."); *United States v. Collins*, 652 F.2d 735, 738 (8th Cir. 1981), *cert. denied*, 455 U.S. 906 (1982) (providing that Rule 16 does not authorize the discovery or inspection of statements made by government witnesses, including those made by a co-conspirator). Therefore, the Court denies Green's motion to the extent that it seeks pretrial disclosure of statements or confessions of any co-defendant or unindicted co-conspirator under Rule 16.

Green's suggestion that *Bruton* requires disclosure of statements by co-defendants is also rejected. *Bruton* addresses the issue of admission of a co-conspirator's statement at trial, where the co-conspirator's admission was hearsay as it related to the defendant, and not whether the statement was discoverable by the defendant. 391 U.S. at 137; *United States v. Singh*, 494 F.3d 653, 658 (8th Cir. 2007). Although *Bruton* may raise some potential issues to be considered during trial, it does not require pretrial disclosure of statements made by co-defendants or co-conspirators. Finally, Green's request for an order granting him leave to file motions for severance, suppression, and/or in limine is denied without prejudice as premature, as Green has not identified what evidence he seeks to sever or suppress or what motions in limine he proposes to file. Any motions in limine shall be filed in accordance with the District Court's pretrial order.

To the extent post-conspiracy statements of any co-defendant or unindicted co-conspirator are discoverable under *Brady*, *Giglio*, the Jencks Act, or some other authority,

4

the Court expects the Government to honor its disclosure obligations. *See United States v. Abari*, No. 19-cr-103 (MJD/ECW), 2019 WL 2417711, at *1 (D. Minn. June 10, 2019). Otherwise, the Motion is denied.

**B.      Green's and Abari's Motions for Disclosure and Access to Confidential Informants and Cooperating Defendants (Dkts. 95, 103, 107, and 155)**

Green moves for an Order directing the Government to disclose: (1) the identity of any confidential informant(s) or cooperating defendants utilized by the Government in the investigation of the this matter, as provided by *Roviaro v. United States*, 353 U.S. 53 (1957); (2) any contracts, offers, agreements for non-prosecution or other consideration promised or otherwise granted of the confidential informant(s) and/or cooperating defendant; and (3) to allow interviews of the informant(s) and/or cooperating defendants. (Dkt. 95.) The basis for this Motion is that the disclosure of the identity of confidential informants and/or cooperating defendants is relevant and of assistance to the defense and allegations of the Government include direct contact and interaction between the defendant and cooperating defendants and/or confidential informants, and the cooperating defendants and/or confidential informants are alleged to be involved in criminal activities—as possibly set forth in the search warrant application of Jason Schmitt, Minneapolis Police Department, alleging an anonymous informant involved in drug purchases, as well as a confidential reliable informant ("CRI") aiding and abetting drug purchases, in the same search warrant. (*Id*.) In his subsequent motion and memorandum, Green makes the same requests. (Dkt. 155.) In support, Green claims that unspecified evidence casts doubt on the information from the CRI within

5

the July 8, 2019 Search Warrant regarding Green's use of a Porsche to distribute narcotics and that the identity of the cooperating individuals is necessary because the record is devoid of any evidence showing the connection between the named Defendants in this action. (Dkt. 155 at 2-3.) The Government counters that Green has not set forth the informants or witnesses his motion pertains to or how these informants or witnesses are material to the determination of the case. (Dkt. 161 at 9.) The Government represented that if Green articulates to which informants or witnesses his motion applies, and the Government concedes or the Court finds those informants or witnesses to be material, it will disclose the identities of these individuals 14 days before trial. (*Id.*)

  Abari similarly seeks an order requiring the Government to disclose the identity of any informant or cooperating defendants utilized by the Government in the investigation of the above-entitled matter, to make such informants and cooperating defendants available for interview by Abari's attorney, in preparation for trial, and to disclose the prior criminal convictions of such informant. (Dkt. 103 at 1.) Abari refers to an April 14, 2019 search warrant affidavit relevant to this case describing a CRI and the fact that the Superseding Indictment lists a number of individuals who were arrested at the same time as him on April 14, 2019 at an apartment. (*Id.* at 2.) Green also points to this affidavit in support of his second motion to disclose informants. (Dkt. 107.) The Government argued that Abari's motion (Dkt. 103) was duplicative of Abari's earlier motion (Dkt. 19). (Dkt. 112 at 5.) Indeed, in Abari's previous motion seeking the disclosure of the identity of any

informant or cooperating defendants, he relied on the argument that "[t]he cooperating informants mentioned in the discovery and several search warrants are not vouched as reliable, brought specific information that does not indicate how they became aware of [Abari's] alleged role, and discussed with [Abari] knowledge of the drug sales and is possibly exculpatory and supports the minimal participation argument." (Dkt. 19.) This Court ordered as follows on Abari's initial Motion:

> Defendant's Motion to Disclose and Make Informants and Cooperating Witnesses Available for Interviews (Dkt. No. 19) is **DENIED AS MOOT** as to any informants or cooperating witnesses the Government intends to call at trial based on the Government's representation that it will disclose the identities of such witnesses not less than fourteen days before trial and will cooperate with Defendant's counsel in making them available for interview. The Motion is **DENIED WITHOUT PREJUDICE** as to any informants or cooperating witnesses the Government does not intend to call at trial. The Government has represented: "If the Defendant articulates to which informants or witnesses his motion applies, and the Government concedes or the Court finds those informants or witnesses to be material, the Government agrees to disclose the identities of these individuals 14 days before trial." (Dkt. No. 32 at 8.) Although Defendant's counsel argued that the disclosure of non-testifying confidential informants is necessary to his defense, it is not clear to the Court which unidentified informants or unidentified cooperating witnesses Defendant contends should be identified and why they are material. *See, e.g., Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) (quoting *United States v. Grisham*, 748 F.2d 460, 463-64 (8th Cir. 1984) ("The defendant has the burden of showing materiality, which 'requires more than speculation that the evidence an informant may provide will be material to overcome the government's privilege to withhold the identity of the informant.'"). Defendant may renew this Motion in writing in a manner that identifies with as much particularity as possible about each informant(s) or witness(es) he believes needs to be identified by the Government and why each informant or witness is material to his case.

(Dkt. 38 at 3-4 (emphasis in original).)

7

The Government has a general, although not absolute, "privilege to withhold the disclosure of the identity of a confidential informant." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) (citing *Roviaro v. United States*, 353 U.S. 53 (1957)). When deciding whether to disclose information about an informant, the court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61. The essential consideration when deciding whether evidence is relevant and helpful to the defense is "whether or not the evidence is material to the accused's defense or a fair determination of the cause." *United States v. Barnes*, 486 F.2d 776, 778 (8th Cir. 1973); *Carpenter*, 257 F.3d at 779 ("[T]he threshold issue is whether the informant is a material witness.") (citation omitted).

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (citation and footnote omitted); *see also United States v. Foster*, 815 F.2d 1200, 1203 (8th Cir. 1987) (citation omitted) ("The disclosure of an informant who was an active participant in the crime the accused is charged with is generally required."). This is in contrast to "cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the

8

case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *see also United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense.") (quotation marks and citations omitted). Here, the only material witnesses that the Court can discern based on the information provided are those mentioned in the January 31, 2019 and April 14, 2019 search warrant affidavits. The January 31, 2019 affidavit provides in relevant part as follows:

> On January 31, 2019, your affiant learned of a narcotics dealer who uses the street name of "Stunna". The information was obtained via a SCALES Interview during the course of a narcotics investigation. Stunna was said to be a large-scale supplier of Heroin. During the interview, the arrested party stated they had been in a Porsche SUV with Stunna and purchased 100 grams of heroin from Stunna. This arrested party said that Stunna often drives a Porsche SUV that was rose in color. The arrested party used the phone number of XXXX to contact Stunna and arrange for the mobile sale of narcotics.
>
> * * *
>
> Your affiant has been able to gather Information from a confidential reliable Informant (CRI) who is familiar with GREEN. The CRI stated that GREEN used the Porsche to distribute heroin in Minneapolis and employs people to sell narcotics for him. On March 4, 2019, the CRI stated that they saw a male known to the CRI as "Black" driving a van with Minnesota plates XXXXXX and noted that there appeared to be heroin customers just hanging out in around the area. The CRI stated that they saw GREEN pull up to the van with Minnesota plates XXXXXX In the Porsche and toss a bag to Black as Black sat in the driver's seat of the van. After this happened, the CRI stated that Black sold heroin to people who were waiting for him in the area.

(Gov't Ex. 7.)

9

> The April 14, 2019 search warrant affidavit provides in relevant part:
>
> In this capacity your affiant has been working with a Confidential Reliable Informant (CRI). This CRI has worked with law Enforcement in the past and has provided names and addresses to your affiant of suspects involved in distribution of narcotics and prohibited persons in possession of firearms in the twin cities metro area. The information provided by the CRI has been independently corroborated by your affiant, as well as other local and federal law enforcement officers and has been found to be true and correct.
>
> Within the past 72 hours, your affiant received information from the aforementioned Confidential Reliable Informant (CRI) stating that the CRI was inside XXXX Ave S in Minneapolis and observed a person known to the CRI as, "B" in possession of a handgun and a large amount of heroin. The CRI also stated that "B" sells heroin and that he is staying at XXXX Ave S. The CRI described' "B" as a large heavy set black male with a shaved head in his middle 30's. The CRI also Informed me that "B" uses the cell phone number, XXXXX.

(Gov't Ex. 8.) The affidavit also provided that the CRI identified Abari as person "B". (*Id.*)

Given that Green and Abari have been charged with conspiracy to distribute narcotics from at least December 2018 through July 8, 2019, the arrested party and CRIs who allegedly witnessed narcotics-related trafficking involving Green and Abari, whose accounts were relied upon in at least of two the search warrants at issue in this case, are material even to the extent that the Government does not intend to call these witnesses at trial.

However, given the allegations of violence and threats by Defendants in this matter (*see, e.g.*, Dkt. 148 at 14; Dkt. 151 at 16), the Court concludes that the Government will not be required to identify any informant or cooperating co-defendant until fourteen days before trial, as agreed by the Government. This will

10

give Defendants adequate opportunity to prepare, while considering the safety of the informants. *See United States v. Rodrequez*, 859 F.2d 1321, 1326 (8th Cir. 1988) ("We have held that any issue concerning the disclosure of an informant's identity before trial is eliminated when the person testifies at trial.") (citing *United States v. Foster*, 815 F.2d 1200, 1202-03 (8th Cir. 1987)); *see also United States v. Cree*, No. 12-cr-26(4) (JRT/JSM), 2012 WL 6194395, at *5 (D. Minn. Dec. 12, 2012) (concluding that seven days' notice "appropriately balance[d] [defendant's] rights with the protection of the confidential informants") (citations omitted).

As for Defendants' request that the Government make the informants available for an interview, the Government's disclosure obligation with respect to confidential informants is generally satisfied when it provides a defendant with information pertaining to an informant's identity and location so that the defendant may contact the informant and request an interview or subpoena his or her testimony at trial. *See United States v. Padilla*, 869 F.2d 372, 376-77 (8th Cir. 1989). If the Government has particular concerns about protecting these individual(s) or is aware that the Defendants may encounter difficulty in locating the informant, then it should produce the informant(s) to Defendants to interview in lieu of providing his or her address to Defendants. *Id.* That said, whether the Government provides the name and address of the CRIs to Defendants or produces them for interview, the informants always have the right to decline to be interviewed and the Government has no obligation to "encourage" the informant to speak to Defendants. *See United States v. Bittner*, 728 F.2d 1038, 1041-42 (8th Cir. 1984) (finding no impermissible conduct by a

Government agent when he advised a witness of her right to decline interviews with defendant's attorney).

The reminder of Defendants' motions relating to the disclosure of and access to confidential informants and cooperating co-defendants (Dkts. 95, 103, 107, and 155) are otherwise denied.[3]

**C.     Green's Motions to Compel Government to Disclose Wire and Electronic Communications (Dkts. 98 and 154)**

Green seeks an order from the Court compelling the Government to produce the following:

- All wire and electronic communications of the telephone number: 612-263-XXXX and 612-265-XXXX intercepted during the time period of December 18, 2018 to July 8, 2019;

- All wire and electronic communications intercepted during the time period of December 18, 2018 to July 8, 2019 between Defendant Kevin Green and Co-Defendant Relondo Hall; and

- All wire and electronic communications intercepted during the time period of December 18, 2018 to July 8, 2019 between Defendant Kevin Green and Co-Defendant Anthony Abari.

(Dkts. 98 and 154.)

With respect to the Government's production, Green's complaint is that the disclosed information does not describe any activity or phone communication by Green with co-defendants Abari or Hall. (Dkt. 154 at 2.) Green requests that "the Government disclose exactly if they have direct communications between Green and Defendant Hall's

---

[3] The Court reminds the Government of its obligations under *Giglio v. United States*, 405 U.S. 150 (1972).

12

telephone numbers and/or Abari's telephone numbers." (*Id.*)  Green also asks the Government to specifically point to the data of where these individuals are communicating and if they are communicating on the 612-263-XXXX telephone number, as Green disavows any interest in telephone numbers 612-263-XXXX or 612-265-XXXX. (*Id.*)  Also, Green requests that the Government disclose the document that exactly depicts who Verizon has as the owner of telephone number 612-263-XXXX. (*Id.*)

The Government countered that it has provided all electronic discovery related to the communications between the co-defendants:

> This has already been done.  The government has already provided forensic examinations of several cellular telephones belonging to the three codefendants, several call detail records, ping data, and other phone evidence to the defense.  This evidence thoroughly documents communications between the three indicted co-conspirators in this case.  The government provided this information in the same format in which it was received.

(Dkt. 161 at 2.)  The Government objected to interpreting the information for Green. (*Id.*)  Nevertheless, the Government interpreted some of the information for Green's benefit, including identifying Hall's number and a number of phone numbers it claims are associated with Green, providing assistance with interpreting the cell tower ping information, as well offering a reverse proffer establishing Green's guilt.  (*Id.* at 3-7.)

What Green is asking for from the Government is an analysis of this information by its attorneys.  Rule 16 does not require such a production. *See United States v. Meadows*, No. CR 14-251 (SRN/JSM), 2014 WL 12693522, at *3 n.3 (D. Minn. Oct. 10, 2014), *aff'd*, 2014 WL 6684977 (D. Minn. Nov. 25, 2014) ("The Government's financial

13

loss analysis would likely qualify as an internal work product document and would not be discoverable under Rule 16(a)(2)."); *see also United States v. Cherico*, No. 08 CR. 786 CM, 2011 WL 4347178, at *1 (S.D.N.Y. Sept. 13, 2011) ("Cherico seeks an order directing the Government to identify what specific portion of the recorded conversation between John Bologna and Cherico the Government views to be 'admissions' by Cherico. The Government represents that all the recordings—which are approximately five hours long and are all in English—were turned over to the defendant over a year ago. Nothing in Rule 16 requires the Government to identify particular portions of the recorded statements that it views as particularly damaging to the defendant or important to its theory of the case."). As such, the Court denies Green's motions to compel the Government to disclose wire and electronic communications.

**D.     Abari's Motion for Disclosure of Grand Jury Transcripts (Dkt. 102)**

Abari seeks discovery of the entire grand jury transcripts for the indictments. Abari raises several grounds for this relief. First, Abari contends that because there are no pre-application investigative reports and notes, nor informant disclosures, "the grand jury transcripts are also an existing source to show that the search warrant affidavits contained false statements and reckless disregard for the truth." (Dkt. 162 at 2.) In addition, Abari asserts that absent the disclosure of law enforcement reports, the grand jury transcripts are also an existing source for him to prepare for the examination of informants and cooperating witnesses and other witnesses and their credibility. (Dkt. 156 at 4; Dkt. 162 at 3.) Abari also argues that without the grand jury transcripts he will not

14

be able to challenge the search warrants on the four corners of the warrants.  (Dkt. 156 at 4.)

According to the United States Supreme Court, there is a "long established policy that maintains the secrecy of the grand jury proceedings in the federal courts."  *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 681 (1958) (citations omitted).  "To compel disclosure of a grand jury transcript [the defendant] had to show the transcript was needed to avoid a possible injustice, the need for disclosure was greater than the need for continued secrecy, and his request was structured to cover only material needed."  *United States v. Kocher*, 978 F.2d 1264 (Table) (8th Cir. 1992) (citations omitted).  Moreover, a defendant must allege a "particularized need" with support for the records and may not seek them merely as a fishing expedition.  *See United States v. Warren,* 16 F.3d 247, 253 (8th Cir. 1994) (citation omitted); *United States v. Reed*, No. CR 18-15 (JNE/DTS), 2018 WL 7504843, at *3 (D. Minn. Sept. 14, 2018), *R.&R. adopted*, 2018 WL 5269991 (D. Minn. Oct. 23, 2018) (citation omitted); *see generally*, *Thomas v. United States*, 597 F.2d 656, 657-58 (8th Cir. 1979) (no particularized need shown where petitioner asserted grand jury minutes were necessary to prove matters he wished to pursue in § 2255 petition and that he was "being deprived of important documents that will very well prove all [his] allegations").

Abari has met none of the requirements set forth by the Eighth Circuit.  Fishing for additional alleged possible inconsistencies in the search warrants or other grounds to suppress search warrants is not a valid basis for discovery of the grand jury transcripts.  While Abari claims to be hamstrung by not having access to the grand jury proceedings,

the record indicates that Abari has been able to bring a number of suppression motions and requests for *Franks* hearings challenging the search warrants pertinent to his defense. (*See*, *e.g.*, Dkts. 27, 70, 71, 104.)  In addition, Abari is receiving some relief by virtue of the Court's compelling discovery of informants.  *See Supra*, Section I.B.  Moreover, consistent with this Court's previous Order (Dkt. 38), the Government has represented that it will provide to Abari *Giglio* and Jencks Act material three business days before trial for informants it intends to call as witnesses at trial.

In addition, the Court will require the Government to review Grand Jury transcripts within 30 days of this Order to determine if any of these materials should be produced pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and produce any such targeted portions of the Grand Jury transcripts that constitute *Brady* materials immediately thereafter.

## II.     ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1.      Defendant Kevin Green's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants (Dkt. 92) is **DENIED**.

2.      Defendant Kevin Green's Motion for Disclosure and Access to Confidential Informants and Co-Operating Defendants (Dkt. 95) is **GRANTED** in part and **DENIED** in part consistent with this Order.

3.      Defendant Kevin Green's Motion to Compel Government to Disclose Wire and Electronic Communications (Dkt. 98) is **DENIED**.

4.      Defendant Anthony Akemu Abari's Motion for Disclosure of Grand Jury Transcripts (Dkt. 102) is **DENIED**.  The Court will require the Government to review Grand Jury transcripts within 30 days of this Order to determine if any of these materials should be produced pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and produce any such targeted portions of the grand jury transcript that constitute *Brady* materials immediately thereafter.

5.      Defendant Anthony Akemu Abari's Motion to Disclose and Make Informants and Cooperating Defendants Available for Interviews (Dkt. 103) is **GRANTED** in part and **DENIED** in part consistent with this Order.

6.      Defendant Kevin Green's Motion to Disclose and Make Informants and Cooperating Defendants Available for Interviews (Dkt. 107) is **GRANTED** in part and **DENIED** in part consistent with this Order.

7.      Defendant Kevin Green's Motion to Compel Government to Disclose Wire and Electronic Communications Document 98 (Dkt. 154) is **DENIED**.

8.      Defendant Kevin Green's Motion for Disclosure and Access to Confidential Informants and Co-Operating Defendants Document 95 (Dkt. 155) is **GRANTED** in part and **DENIED** in part consistent with this Order.

DATED: April 27, 2020                         *s/Elizabeth Cowan Wright*
                                              ELIZABETH COWAN WRIGHT
                                              United States Magistrate Judge