UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

     Plaintiff,

v.

                                  **MEMORANDUM OPINION**
                                       **AND ORDER**
                        Crim. No. 19-103 (01) (MJD/ECW)

Anthony Akemu Abari,

     Defendant.

_____

     Amber M. Brennan and Justin A. Wesley, Assistant United States Attorneys, Counsel for Plaintiff.

     Rick E. Mattox, Counsel for Defendant.

_____

     This matter is before the Court on Defendant's appeal of Magistrate Judge Cowan Wright's Order denying his Motion for Hearing to Reconsider Detention. (Doc. No. 225).

## I.    Introduction

     Defendant was charged in the Indictment with possession with the intent to distribute controlled substances, specifically Fentanyl and Heroin, a felon in possession of a firearm.  On April 22, 2019, Magistrate Judge Rau held a

1

detention hearing, and by Order dated May 13, 2019, found that Defendant had

not rebutted the presumption of detention in this case and that there were no

conditions or combination of conditions that would reasonably assure his

presence at future court proceedings or that would assure the safety of the

community.   (Doc. No. 28.)

In the Superseding Indictment filed on August 13, 2019, Defendant was

charged with conspiracy to distribute controlled substances, specifically

Fentanyl, two counts of possession with the intent to distribute controlled

substances, specifically Fentanyl and Heroin, and felon in possession of a

firearm.

On April 12, 2020, Defendant filed a motion to reconsider detention in light

of the COVID-19 pandemic, alleged government misconduct and that he is not

receiving proper medical care.   The government opposes the motion.

**A.     May 4, 2020 Order Denying Motion to Reconsider Detention**

Defendant argued that his motion for release was based in part on "the

persistent misconduct of the United States in delaying Mr. Abari's right to a

speedy trial, failure to disclose informants, cooperating codefendants, and grand

jury transcripts, and unfathomable explanation that there are no investigative

reports prior to the execution of search warrants on January 24, 2019 when Mr.

Abari was initially arrested and on April 14, 2019 when he was arrested again."

(Doc. No. 195 at 3-5; Doc. No. 206 at 8-9.)   Based on her review of the procedural

history in this case, which included the superseding of the Indictment and new

pretrial motions filed between May 2019 and February 2020, the Magistrate

Judge found no support for Defendant's claims of government caused his speedy

trial rights to be violated.   The Magistrate Judge further noted that Defendant's

claims of government misconduct involving the disclosure of grand jury

transcripts and informants and cooperating defendants had been addressed in

previous orders and Reports and Recommendations and did not support his

motion for release.

The Magistrate Judge also rejected Defendant's argument that changed

circumstances require reconsideration of his detention.   Specifically, Defendant

claims Sherburne County Jail has failed to provide him with proper medical care

by failing to provide him a CPAP machine, by providing him Symbicort instead

of Dulera for his asthma and based on his concerns regarding the COVID-19

pandemic and the risks it poses based on his medical condition.

The Magistrate Judge noted that the issue of Defendant's detention may be reopened pursuant to 18 U.S.C. § 3142(f)(2)(B) which provides for reopening:

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any person and the community.

In making this determination, the Magistrate Judge referred to the factors in § 3142(g). First, the Magistrate Judge noted that Defendant's claim that two witnesses have repudiated their statements to police implicating Defendant following the execution of the January 24, 2019 search warrant may reduce the weight of the evidence as to Counts 2 and 5 of the Superseding Indictment (the two counts against Defendant included in the original Indictment), but Defendant did not demonstrate how the repudiation of those statements reduced the weight as to the conspiracy count and the possession with intent to distribute controlled substances charged in the Superseding Indictment.

The Magistrate Judge further found the decreased weight of evidence does not have a material bearing on the danger to the community factor. He has an

extensive criminal history and a pending felony Second-Degree Assault charge.

Defendant also has a history of poor adjustment to supervision, including

absconding and removing his GPS tracker, a conviction for another drug charge

while on supervised release and drug use, which indicates he would most likely

not comply with conditions of release.   (Doc. No. 199 (Status Report at 1-2).)

Pretrial Services recommends against release.   (Id. at 3.)

With regard to whether the COVID-19 pandemic warrants release and the

other medical concerns raised in his motion, the Magistrate Judge found those

issues do not have a material bearing on the issue of whether there are conditions

of release that will reasonably assure his appearance at future court proceedings

and the safety of the community.   The Magistrate Judge nonetheless addressed

his medical treatment concerns that he was not provided a CPAP machine and

was prescribed Symbicort instead of Dulera for his asthma.   On the record

before her, the Magistrate Judge noted that Defendant was not provided a CPAP

machine because he told the Jail he had one at home, but that it was expected the

Jail and the U.S. Marshal Service would take the necessary steps to address

Defendant's sleep apnea.   Further, as to the asthma medication, the Magistrate

Judge found that from the record, she could not conclude that the provision of

Symbicort rather than Dulera negatively affected his health.

The Magistrate Judge also considered Defendant's motion for release

under 18 U.S.C. § 3142(i), which provides a "judicial officer may, by subsequent

order, permit the temporary release of the person, in the custody of a United

States marshal or another appropriate person, to the extent that the judicial

officer determines such release to be necessary for preparation of the person's

defense or for another compelling reason."

The Magistrate Judge found Defendant had failed to present a compelling

reason for his release after considering the following factors: 1) the original

grounds for the defendant's pretrial detention, 2) the specificity of the

defendant's stated COVID-19 concerns, 3) the extent to which the proposed

release plan is tailored to mitigate or exacerbate to other COVID-19 risks to the

defendant, and 4) the likelihood that the defendant's proposed release would

increase COVID-19 risks to others.

Now before this Court is Defendant's Appeal of the Magistrate Judge's

Order. The Magistrate Judge's decision is subject to de novo review. United

States v. Maull, 773 F.2d 1479, 1484-85 (8th Cir. 1985).

## II.  Standard

The Bail Reform Act creates a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" when there is probable cause to believe a defendant committed a certain offense, including "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."   United States v. Boykins, 316 F. Supp.3d 434, 436 (D.D.C. 2018) (citing 18 U.S.C. § 3142(e)(3)(A)).   In this case, there is a rebuttable presumption in favor of detention as Defendant meets the criteria in 18 U.S.C. § 3142(e)(3)(A) because Defendant has been charged with offenses which carry a maximum sentence of ten years or more under the Controlled Substances Act.

In making the determination whether detention is appropriate, the Court considers the following factors:

(1)  The nature and circumstances of the offense charged, including the fact that the crime charged is an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

(2)  the weight of the evidence against the person;

(3)   the history and characteristics of the person, including–

　　(A)   the person's character, physical and mental condition,
　　family ties, employment, financial resources, length of
　　residence in the community, community ties, past conduct,
　　history relating to drug or alcohol abuse, criminal history, and
　　record concerning appearance at court proceedings; and
　　(B)   whether, at the time of the current offense or arrest, the
　　person was on probation, on parole, or on other release
　　pending trial, sentencing, appeal, or completion of sentence
　　for an offense under Federal, State, or local law; and

(4)   the nature and seriousness of the danger to any person or the
community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## III.   Argument

In his appeal, Defendant argues he is entitled to relief because the

Sherburne County Jail has failed to provide him proper medical care and that the

steps taken at the Jail to prevent the spread of COVID-19 do not include the

testing of all staff and inmates and do not provide for masks and gloves to all

inmates.   Defendant also argues he is entitled to release based on the persistent

misconduct of the government in delaying his right to a speedy trial, failure to

disclose informants, cooperating witnesses and grand jury transcripts.

Based on its de novo review of the Magistrate Judge's Order denying

Defendant's motion for reconsideration, the Court affirms that Order.

Pursuant to 18 U.S.C. § 3142(f)(2)(B), the court may reopen the issue of

pretrial detention:

> at any time before trial if the judicial officer finds that information exists
> that was not known to the movant at the time of the hearing and that has a
> material bearing on the issue of whether there are conditions of release
> that will reasonably assure the appearance of such person as required and
> the safety of any person and the community.

Defendant argues that the COVID-19 pandemic constitutes a changed

circumstance that compels his release.   As other courts have found, however,

Defendant must demonstrate how the pandemic would reduce his risk of

nonappearance or the risk that he poses to the community together with the

remaining § 3142(g) factors.  See e.g., United States . Ramadan, __ F.Supp.3d __,

2020 WL 2301365, at *4 (E.D. Mich. May 7, 2020); United States v. Punter, Crim.

No. 19-90-LPS, 2020 WL 2128868, at *3-4 (D. Del. May 5, 2020); United States v.

Crandell, 19-CR-255 (JNE/TNL), 2020 WL 1873047, at *1 (D. Minn. Apr. 15, 2020);

United Sates v. Banks, 4:19CR3116, 2020 WL 1450549 at *1 (D. Neb. Mar. 25,

2020).

Here, Defendant has failed to demonstrate how the COVID-19 pandemic

factors into whether he poses a flight risk or a danger to the community.   As

noted in the Pretrial Services Status Report filed on April 15, 2020, Defendant's

medical records indicate he has been seen by medical staff regularly, often

several times a month, and that he has been seen on several occasions for mental

health counseling.   (Doc. No. 199 at 3.)

Defendant also claims he is being denied proper medical care as evidenced

by the fact that he was prescribed Symbicort rather than Dulera to treat his

asthma.   The government reports that Dulera was not prescribed because it is

no longer approved for reimbursement by the U.S. Marshal's Service, and that

the prescribed Symbicort inhaler has the exact same active ingredients as Dulera.

Defendant challenges that the two inhalers are not the same, noting that

Symbicort is used to treat persons with severe asthma and for COPD treatment,

while Dulera is prescribed for those with high to moderate asthma.   On this

record, however, this Court cannot find that prescribing Symbicort to Defendant

negatively affects his health.

Defendant has also asserted he is in need of a CPAP machine, and that his

fiancé has reported there is no CPAP at Defendant's parent's home.   Under

these circumstances, if a CPAP machine has not yet been provided to Defendant,

the Court will order the U.S. Marshal to provide one.

In his appeal of the Magistrate Judge's Order, he asserts that he is not a

flight risk or danger to the community and is concerned for his family and

elderly parents at this time, which supports his request for relief.   Such concern,

however, does not rebut the original findings for detention, which took into

consideration the nature of the charged offenses, his extensive criminal history, a

pending felony Second-Degree Assault charge, and his history of poor

adjustment to supervision, including absconding and removing his GPS tracker,

a conviction for another drug charge while on supervised release and drug use.

As to his claims of government misconduct, the Court finds that the record

does not support his claim that the government denied him his right to a speedy

trial.   With regard to the claims of government misconduct based on the

government's failure to disclose informant and cooperating witness identities

and grand jury transcripts, the Court notes those issues are addressed in Reports

and Recommendations currently under advisement and will not be addressed

here.

When analyzing his request for release pursuant to 18 U.S.C. § 3142(i), this

Court finds that Defendant has failed to demonstrate he is entitled to release.

Under § 3142(i) a "judicial officer may, by subsequent order, permit the

temporary release of the person, in the custody of a United States marshal or

another appropriate person, to the extent that the judicial officer determines such

release to be necessary for preparation of the person's defense or for another

compelling reason."

Defendant asserts that the COVID-19 pandemic, together with his medical

history, constitutes a compelling reason that warrants his release.   The

Magistrate Judge applied a framework recently adopted by courts in this district

for analyzing an assertion that COVID -19 is a compelling reason for release

under § 3142(i).   Under this framework the Court considers 1) the original

grounds for the defendant's pretrial detention, 2) the specificity of the

defendant's stated COVID-19 concerns, 3) the extent to which the proposed

release plan is tailored to mitigate or exacerbate other COVID-19 risks to the

defendant, and 4) the likelihood that the defendant's proposed release would

increase COVID-19 risks to others. See e.g., United States v. Dodd, No. 20-cr-0016 (NEB/HB), 2020 WL 1547419, at * 3 (D. Minn. April 1, 2020) (quoting United States v. Clark, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020)); United States v. Bracey, No. 15-235 (JNE/TNL), 2020 WL 1809187 (D. Minn. April 9, 2020) (same). Applying these factors to Defendant's motion, the Magistrate Judge found that Defendant failed to demonstrate a compelling reason for his pretrial release. This Court agrees.

With regard to the first factor, Defendant challenged some of the evidence relevant to the original charges in the Indictment but failed to demonstrate how that challenged evidence affected the new charges in the Superseding Indictment or the other grounds that supported his detention, including his history and characteristics and his poor history on supervision. Accordingly, this factor weighs heavily in favor of continued detention.

As to the second factor, Defendant raises the concern that he is particularly vulnerable to COVID-19 because he suffers from diabetes, asthma and sleep apnea. However, there are no known cases at Sherburne County Jail at present, and the Jail has undertaken a number of steps to prevent and mitigate the risks

posed by COVID-19 to inmates' health and safety.   (Doc. No. 204-1 (Frank Aff.).)

Brian Frank asserts in his affidavit that as of April 17, 2020, there are no

known cases of COVID-19 at the Sherburne County Jail.   (Id. at ¶ 4.)[1]

Defendant claims that it has been reported that as of May 11, 2020, the Minnesota

Department of Health has reported that 114 Sherburne County residents have

tested positive for the COVIS-19 virus.   Regardless, the record does not show

any staff or inmate at the Sherburne County Jail has tested positive.

Brian Frank also noted the Jail has medical professionals on site, and if

necessary, an inmate can be transferred to hospitals or outside clinics.   (Id. at ¶

3.)   With respect to the COVID-19 virus, the Jail has taken steps to reduce the

inmate populations, which resulted in a 25% decrease as of April 10, 2020.   (Id.

at ¶¶ 7-8.)   The Jail has modified its delivery systems to help minimize person

to person contact.   (Id. ¶ 23.)   The Jail has also adapted its staff to limit

contamination and cross-contamination.   (Id. at ¶ 24.)   In addition, the Jail is

structurally designed to isolate and contain airborne threats.   (Id. at ¶ 17.)   It

also has negative pressure units that could isolate and treat symptomatic

---

[1] At the detention hearing of Defendant's co-defendant Kevin Green, the government asserted that as of April 23, 2020, there were no known cases of COVID-19 at the Sherburne County Jail.

inmates.    (Id. at ¶ 13.)

In response to COVID-19, new arrivals are placed in a 14-day quarantine unit that is monitored by medical professionals and isolated from the general population.    (Id. at ¶ 10.)   In addition, there are strict social-distancing measures in place, proper handwashing is encouraged, modified delivery systems are in place to minimize person-to-person contact, as well as other measures.    (Id. at ¶¶ 20, 23 and 24.)   New arrivals must complete both the Coronavirus screening checklist and a body temperature check.    (Id. at ¶ 24.) The Jail has also heightened its cleaning regimen, which includes four daily cleanings of all frequently touched surfaces with a chemical specifically formulated to kill viruses, cleaning before every meal and before nightly lockdown.    (Id. at 18.)

A recent inspection of the Jail by the Department of Corrections Inspection and Enforcement Unit found that the steps taken by Sherburne Count exceed prevention measures being taken across Minnesota and do not violate any Rule provision.    (Id. at ¶ 6.)

As to the third and fourth factors, which concern the proposed release plan

and whether it is tailored to mitigate or exacerbate other COVID-19 risks or whether it would increase the risk to others, the Court finds these factors do not support his motion. Pretrial Services has reviewed Defendant's proposed release residence and notes the home is occupied by his fiancé and 12 year old daughter. (Doc. No. 199 at 2.) Nonetheless, Pretrial Services has recommended to the Court that Defendant be detained based on his history of non-compliance and lack of positive adjustment to supervision, which included his failure to comply with location monitoring at a halfway house. (Id. at 3.)

Based on the above, the Court finds that Defendant has failed to demonstrate there are compelling circumstances that warrant his release pursuant to § 3142(i).

IT IS HEREBY ORDERED that Order dated May 4, 2020 (Doc. No. 215) is AFFIRMED and Defendant's Appeal of that Order [Doc. No. 225] is **DENIED**. The U.S. Marshal's Service shall provide Defendant a CPAP machine if one has not been provided to date.

Date: June 4, 2020

s/ Michael J. Davis
Michael J. Davis
United States District Court

16