UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Anthony Akemu Abari,

    Defendant.

MEMORANDUM OPINION
AND ORDER
Crim. No. 19-103 (01) (MJD/ECW)

_____

Justin A. Wesley, Assistant United States Attorney, Counsel for Plaintiff.

Rick E. Mattox, Counsel for Defendant.

_____

This matter is before the Court on Defendant's Second Motion for Release From Custody Pending Trial. (Doc. No. 295.)

## I.    Background

Defendant was charged in the Indictment with possession with the intent to distribute controlled substances, specifically Fentanyl and Heroin, a felon in possession of a firearm. On April 22, 2019, the Magistrate Judge held a detention hearing, and by Order dated May 13, 2019, found that Defendant had not rebutted the presumption of detention in this case and that there were no

1

conditions or combination of conditions that would reasonably assure his presence at future court proceedings or that would assure the safety of the community.   (Doc. No. 28.)

In the Superseding Indictment filed on August 13, 2019, Defendant was charged with conspiracy to distribute controlled substances, specifically Fentanyl, two counts of possession with the intent to distribute controlled substances, specifically Fentanyl and Heroin, and felon in possession of a firearm.

On April 12, 2020, Defendant filed a motion to reconsider his detention in light of the COVID-19 pandemic, alleged government misconduct and that he is not receiving proper medical care.   The Magistrate Judge issued an Order on May 4, 2020 denying the motion to reconsider.   (Doc. No. 215.)   Defendant appealed that Order and the Court denied the appeal by Order dated June 4, 2020.   (Doc. No. 241.)

In the motion for reconsideration and appeal, Defendant argued, in part, that the Sherburne County Jail failed to provide him with proper medical care by failing to provide him a CPAP machine, by providing him Symbicort instead of

2

Dulera for his asthma and based on his concerns regarding the COVID-19 pandemic and the risks it poses based on his medical condition.   Although the Court denied Defendant's motion for pretrial release, the Court did order the U.S. Marshal's Service to provide Defendant a CPAP machine if one had not been provided to date.   (Doc. No. 241 at 16.)

Defendant now asks the Court to consider a renewed motion for release pending trial.

II.   **Standard**

The Bail Reform Act creates a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" when there is probable cause to believe a defendant committed a certain offense, including "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."   United States v. Boykins, 316 F. Supp.3d 434, 436 (D.D.C. 2018) (citing 18 U.S.C. § 3142(e)(3)(A)).   In this case, there is a rebuttable presumption in favor of detention as Defendant meets the criteria in 18 U.S.C. § 3142(e)(3)(A) because Defendant has been charged with offenses which carry a

maximum sentence of ten years or more under the Controlled Substances Act.

In making the determination whether detention is appropriate, the Court considers the following factors:

(1) The nature and circumstances of the offense charged, including the fact that the crime charged is an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including–

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Pursuant to 18 U.S.C. § 3142(f)(2)(B), the court may reopen the issue of pretrial detention:

at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any person and the community.

### III.  Analysis

Defendant argues the Court should consider both the total harm and benefits to the detainee and society that the continued detention will yield, relative to the heightened risks posed to the detainee.   He asserts he is not a flight risk or a danger to the community, as evidenced by the fact that he made his court appearances in the January 2019 original state court prosecution and that he even returned to Minnesota from Nevada to make court appearances.

Defendant further asserts his Pretrial Risk Assessment was 12, with a Risk Category 5, which rebuts any presumption for detention because in that category, eighty percent of defendants appear for court and do not have a new criminal arrest.

The government responds that Defendant is merely rehashing the same arguments previously made and rejected by the Court.   With regard to the CPAP machine, the government asserts that although he claims he needs a CPAP

machine, Defendant has failed to provide any medical records concerning the need for such machine.   One of the reasons Defendant was moved to the Douglas County Jail was to facilitate a sleep study, which is a prerequisite to the U.S. Marshals providing a CPAP machine to an inmate.   (Attachment 1 (Email from Brian Smith).)

As to his claim that jailers and inmates are not wearing masks, the government asserts the claims are false, referring to the Smith email.   (Id.) According to Smith, all inmates and staff are required to wear masks and the only place inmates do not have to wear masks is in their assigned cell.   Further, the Jail has upgraded their camera system to send notifications if it detects anyone not wearing a mask.   (Id.)

With regard to COVID-19 infections, the government reports that one female inmate tested positive, causing the entire female population to be tested and there were no other positive test results.   Two staff members tested positive and were placed on home quarantine for 14 days.   Staff that came into contact with those that tested positive were tested, and they had negative results.

The Court has reviewed the submissions of the parties and finds that Defendant has failed to demonstrate to the Court that that new information exists that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any person and the community.  See 18 U.S.C. § 3142(f)(2)(B).

Accordingly,

IT IS HEREBY ORDERED that Defendant's Second Motion for Release From Custody Pending Trial (Doc. No. 295) is **DENIED**.

Date:   October 2, 2020

                                                    s/ Michael J. Davis
                                                    Michael J. Davis
                                                    United States District Court