UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

                                       **MEMORANDUM OPINION**
                                           **AND ORDER**
                                   Crim. No. 19-103(MJD/ECW)

Anthony Akemu Abari (01),

      Defendant.

      Amber M. Brennan, Justin A. Wesley and Lindsey E. Middlecamp, Assistant United States Attorneys, Counsel for Plaintiff.

      Rick E. Mattox, Counsel for Defendant Anthony Abari.

      This matter is before the Court on Defendant Abari's Motion to Apply the Rule of Completeness.  [Doc. No. 411]

      Abari asserts the government intends to introduce snippets of his post-arrest interview taken on January 24, 2019, omitting exculpatory statements. Abari requests that the Court order the government to play the entire recording at trial.

Pursuant to Fed. R. Evid. 106: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time." Referred to as the rule of completeness, Rule 106 is intended "to avoid misleading impressions created by taking matters out of context." United States v. Ramos-Caraballo, 375 F.3d 797, 802 (8th Cir. 2004). "[T]he party urging admission of an excluded conversation must specify the portion of the testimony that is relevant to the issue at trial and that qualifies or explains portions already admitted." Id.

"Generally, when part of a defendant's post-arrest statement is introduced into evidence, the defendant has the right to have the entire statement introduced." United States v. Smith, 794 F.2d 1333, 1335 (8th Cir. 1986). The rule is not without exception, however. Id. It cannot be used to admit portions that inculpate a co-defendant, and the right to completeness "does not entitle the defendant to introduce portions of his statement that are neither explanatory of nor relevant to those portions of the statement introduced by the prosecution." Id.

Abari asks that the entire interview be played, but the law requires that he specify which portions of the interview are "relevant to the issue at trial and that qualifies or explains portions already admitted." Ramos-Caraballo, 375 F.3d at 802. As Abari has failed to make the requisite showing that additional portions of the interview are both relevant and explanatory, the motion will be denied at this time.

IT IS HEREBY ORDERED that Defendant Abari's Motion to Apply the Rule of Completeness [Doc. No. 411] is **DENIED** without prejudice.

Date: January 4, 2022

s/Michael J. Davis
Michael J. Davis
United States District Court
