UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Kevin Green (03),

    Defendants.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 19-103(MJD/ECW)

---

Amber M. Brennan, Justin A. Wesley and Lindsey E. Middlecamp, Assistant United States Attorneys, Counsel for Plaintiff.

Rick E. Mattox, Counsel for Defendant Anthony Abari.

Robert D. Richman, Counsel for Defendant Kevin Green.

---

This matter is before the Court on the Government's Motion to Preclude Improper Character Evidence. [Doc. No. 442]

**I.    BACKGROUND**

Defendant Kevin Green has notified the Government that he intends to call as a witness Jordan Kushner to testify regarding the character of Officer Jason Schmitt pursuant to Fed. R. Evid. 608. Kushner's opinion as to Officer Schmitt's character for truthfulness is based on an encounter he had with Officer Schmitt in 1999, in which Officer Schmitt arrested Kushner and he was later charged with

1

obstruction of legal process. The charges were eventually dismissed, and Kushner received a settlement from the City of Minneapolis in the amount of $7,026.00. Green argues that as the subject of police reports prepared by Officer Schmitt in 1999, he has direct knowledge of the veracity of Officer Schmitt's reports.

II.  Discussion

Rule 608 provides:

> **(a) Reputation or Opinion Evidence.** A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.
> **(b) Specific Instances of Conduct.** Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
> **(1)** the witness; or
> **(2)** another witness whose character the witness being cross-examined has testified about.
>
> By testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness.

Here, the basis of Kushner's opinion as to Officer Schmitt's character for truthfulness is based on a specific instance of conduct – his arrest in 1999 and matters that followed from that arrest. Such evidence is inadmissible pursuant to Rule 608(b).

Further, as the basis for Kushner's opinion is from 1999, the probative value of Kushner's testimony based on events that occurred twenty years ago is outweighed by its prejudicial effects of jury confusion and delay of trial.

Accordingly,

**IT IS HEREBY ORDERED** that Government's Motion to Preclude Improper Character Evidence [Doc. No. 442] is **GRANTED.** Testimony from Jordan Kushner as to Officer Schmitt's character for truthfulness is inadmissible.

Date: January 12, 2022

s/Michael J. Davis
Michael J. Davis
United States District Court