# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

 

ANTHONY AKEMU ABARI,

      Defendant.

**MEMORANDUM OF LAW & ORDER**
Criminal File No. 19-00103 (1) (MJD)

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.
Anthony Akemu Abari, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant Anthony Akemu Abari's Pro Se Motion for a New Trial.  (Doc. 709.)

## II.    BACKGROUND

The background of this case is well-known to the Court.  In 2019, Abari and co-defendants Kevin Green and Relondo Hall were charged in this District with several drug and firearm offenses.  Hall pleaded guilty, cooperated with the government, and testified at the trial of Abari and Green.  On January 21, 2022, the jury convicted Abari of three of the four counts against him.  The Eighth Circuit affirmed his conviction.  Abari then filed a motion to vacate his sentence

1

under 28 U.S.C. § 2255, which this Court denied.  The Court also denied a certificate of appealability.  The Eighth Circuit, likewise, denied Abari's application for a certificate of appealability.  (Doc. 731.)  Abari now seeks a new trial, raising several of the issues the Court has already decided, including alleged governmental misconduct and claims about attorney performance, including issues with jury instructions he states should have been given.  Abari does not claim newly-discovered evidence justifies a new trial.

## III.    DISCUSSION

Abari filed his motion for a new trial on December 11, 2025.  Rule 33 of the Federal Rules of Criminal Procedure permits a court to "vacate any judgment and grant a new trial if the interest of justice so requires."  However, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).  A motion based on newly discovered evidence "must be filed within 3 years after the verdict or a finding of guilty."  Id. (b)(1).

Late-filing is allowed only in rare instances of "excusable neglect," which include the following: "the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on the judicial proceedings, the

2

reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Fed. R. Crim. P. 45(b)(1)(B); Lennartson v. Cristofono, No. 21-CV-0013 (PJS), 2021 WL 1749916, at *2 (D. Minn. Mar. 30, 2021) (same), aff'd, No. 21-1979, 2022 WL 245527 (8th Cir. Jan. 27, 2022).

Abari's motion is untimely. The jury rendered its verdict on January 21, 2022. (Doc. 459.) Therefore, under Rule 33(b)(2), Abari had 14 days to seek a new trial, or three years to seek a new trial based on newly discovered evidence under Rule 33(b)(1). His motion, filed on December 11, 2025, is approximately 47 months after the deadline in Rule 33(b)(2), and about eleven months after the deadline in Rule 33(b)(1). Moreover, Abari does not claim excusable neglect caused his late filing.

Finally, the motion must be denied on the merits because the issues raised have already been decided by the Court during the trial or in Abari's § 2255 motion, all of which were affirmed by the Eighth Circuit. In short, the interests of justice do not require that the Court grant Abari's motion. See Fed. R. Crim. P. 33(a).

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendant Anthony Akemu Abari's Pro Se Motion for

a New Trial **[Doc. 709]** is **DISMISSED AS TIME BARRED.**


Dated:   April 20, 2026                              s/Michael J. Davis
                                                     Michael J. Davis
                                                     United States District Court